Last revised: August 1, 2017

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Thomas M Potter**
**Melissa A Potter**

Case No.: **16-34512**
Judge: **Aba**

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☐ Modified/Notice Required
☑ Modified/No Notice Required

Date: **9/11/17**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☑ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

### Part 1: Payment and Length of Plan

a. The debtor shall pay **$3,670.00 PAID TO DATE THEN $544.00 PER MONTH FOR AN ADDITIONAL 51 MONTHS** to the Chapter 13 Trustee, starting on 10/1/17.   The total length of the plan is for **60** months.

b. The debtor shall make plan payments to the Trustee from the following sources:
   ☑ Future Earnings
   ☐ Other sources of funding (describe source, amount and date when funds are available):

1

    c. Use of real property to satisfy plan obligations:
- ☑ Sale of real property
  Description: **Debtors will be placing the property in Philadelphia up for sale.**
  Proposed date for completion: _____
- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____
- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☑ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Mitchell Lee Chambers, Esq. NJ 9223** | **Attorney Fees** | **3,150.00** |
| **Mitchell Lee Chambers** | **Supplemental Fees** | **500.00** |
| | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☑ **NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| BANK OF AMERICA | 214 Emerson Street Woodbury, NJ 08096 Gloucester County | 9,944.76 | 0.00 | 9,944.76 | 1,163.00 |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ **NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| -NONE- | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☐ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
ALLY FINANCIAL
US Department of Hud

**g. Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| City of Philadelphia | 2232 E. Clearfield Street Philadelphia, PA 19134  Philadelphia County | 2,394.84 |
| Philadelphia Water Department | 2232 E. Clearfield Street Philadelphia, PA 19134  Philadelphia County | 113.86 |

## Part 5: Unsecured Claims ☑ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐   Not less than $____ to be distributed *pro rata*

☐   Not less than ___ percent

☑   *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases ☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| -NONE- | | | | |

**Part 7: Motions** ☑ NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

     a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

     b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

     c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**Part 8: Other Plan Provisions**

     a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

     b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

5

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-petition claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 : Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **December 29, 2016**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan is being amended to pay the full arrears and 100 percent to unsecured creditors. | Plan is being amended to pay the full arrears and 100 percent to unsecured creditors. |

Are Schedules I and J being filed simultaneously with this modified Plan?    ☐ Yes    ☑ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    **September 11, 2017**    /s/ Mitchell Lee Chambers, Esq. NJ
**Mitchell Lee Chambers, Esq. NJ 9223**
Attorney for the Debtor

Date:    **September 11, 2017**    /s/ Thomas M Potter
**Thomas M Potter**
Debtor

Date:    **September 11, 2017**    /s/ Melissa A Potter
**Melissa A Potter**
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Date | September 11, 2017 | /s/ Mitchell Lee Chambers, Esq. NJ |
|---|---|---|
| | | **Mitchell Lee Chambers, Esq. NJ 9223** |
| | | Attorney for the Debtor |

I certify under penalty of perjury that the above is true.

| Date: | September 11, 2017 | /s/ Thomas M Potter |
|---|---|---|
| | | **Thomas M Potter** |
| | | Debtor |
| Date: | September 11, 2017 | /s/ Melissa A Potter |
| | | **Melissa A Potter** |
| | | Joint Debtor |

United States Bankruptcy Court
District of New Jersey

In re:                                                                                        Case No. 16-34512-ABA
Thomas M Potter                                                                               Chapter 13
Melissa A Potter
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin              Page 1 of 2              Date Rcvd: Sep 15, 2017
                              Form ID: pdf901          Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 17, 2017.
```
db/jdb         +Thomas M Potter,    Melissa A Potter,    214 Emerson Street,    Woodbury, NJ 08096-3226
516568920      +ATT&T,    P.O. BOX 537104,    Atlanta, GA 30353-7104
516568918      +Aes/goal Financial,    Po Box 61047,    Harrisburg, PA 17106-1047
516568922     ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
                (address filed with court: Bankamerica,    Po Box 982238,    El Paso, TX 79998)
516568921      +BANK OF AMERICA,    450 AMERICAN STREET,    Simi Valley, CA 93065-6285
516588354       BANK OF AMERICA, N.A.,    KML Law Group PC,    Sentry Office Plaza,
                216 Haddon Avenue, Suite 206,    Westmont, NJ 08108
516669113       Bank of America, N.A.,    PO Box 31785,    Tampa, FL 33631-3785
516568923     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court: Capital One Bank Usa N,    15000 Capital One Dr,
                Richmond, VA 23238)
516661682       Capital One Bank (USA), N.A.,    PO Box 71083,    Charlotte, NC 28272-1083
516568924       City of Philadelphia,    Law Department,    One Parkway Building,    1515 Parkway Building,
                Philadelphia, PA 19102
516592488      +GOAL FINANCIAL,    PHEAA,    PO BOX 8147,    HARRISBURG,PA 17105-8147
516568927      +LINEBARGER, GOGGAN, BLAIR, & SAMPSON,    4 PENN CENTER,    1600 JFK BLVD.,    STE. 910,
                Philadelphia, PA 19103-2818
516568929      +NEW JERSEY EZ PASS,    375 McCARTER HWY.,    Newark, NJ 07114-2562
516599803      +New Jersey Turnpike Authority,    Mark Schneider, Esq.,    581 Main Street, PO Box 5042,
                Woodbridge, NJ 07095-5042
516568930      +PENN MEDICINE,    P.O. BOX 824406,    Philadelphia, PA 19182-4406
516568931       Philadelphia Water Department,    29th & Cambria Sts.,    Philadelphia, PA 19132
516568933      +State of New Jersey,    Division of Taxation,    Revenue Processing Center,    P.O. Box 111,
                Trenton, NJ 08645-0111
516577369      +U.S. Department of Housing and Urban Development,    451 7th Street S.W.,
                Washington, DC 20410-0002
516568934      +Verizon,    500 Technology Dr,    Weldon Spring, MO 63304-2225
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: usanj.njbankr@usdoj.gov Sep 15 2017 23:00:28     U.S. Attorney,    970 Broad St.,
                Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 15 2017 23:00:24     United States Trustee,
                Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                Newark, NJ 07102-5235
cr              E-mail/Text: bankruptcy@phila.gov Sep 15 2017 23:00:55     City of Philadelphia,
                c/o Pamela Elchert Thurmond,    1401 John F. Kennedy Blvd., Room 580,
                Municipal Services Building,    Philadelphia, PA 19102
516568919      +E-mail/Text: ally@ebn.phinsolutions.com Sep 15 2017 22:59:49     ALLY FINANCIAL,
                200 RENAISSANCE CENTER,    Detroit, MI 48243-1300
516787178      +E-mail/Text: g20956@att.com Sep 15 2017 23:01:06     AT&T Mobility II, LLC,
                c/o AT&T Services, Inc.,    Karen Cavagnaro,    One AT&T Way, Room 3A104,
                Bedminster, NJ 07921-2693
516611204       E-mail/Text: ally@ebn.phinsolutions.com Sep 15 2017 22:59:49     Ally Capital,    PO Box 130424,
                Roseville MN 55113-0004
516598888      +E-mail/Text: bankruptcy@phila.gov Sep 15 2017 23:00:55
                CITY OF PHILADELPHIA LAW DEPARTMENT - TAX UNIT,    BANKRUPTCY GROUP - MSB,
                1401 JOHN F. KENNEDY BLVD, 5TH FLOOR,    PHILADELPHIA, PA 19102-1640
516585531       E-mail/Text: mrdiscen@discover.com Sep 15 2017 22:59:51     Discover Bank,
                Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
516568925      +E-mail/Text: mrdiscen@discover.com Sep 15 2017 22:59:51     Discover Fin Svcs Llc,
                Po Box 15316,    Wilmington, DE 19850-5316
516568926      +E-mail/Text: cio.bncmail@irs.gov Sep 15 2017 22:59:59     IRS,    600 Arch Street,    Room 5200,
                Philadelphia, PA 19106-1611
516568928      +E-mail/Text: bknotices@mbandw.com Sep 15 2017 23:00:49     MCCARTHY, BURGESS, AND WOLFF, INC.,
                26000 CANNON ROAD,    Bedford, OH 44146-1807
516568932      +E-mail/Text: bkrpt@retrievalmasters.com Sep 15 2017 23:00:24     RMCB,    P.O. BOX 1235,
                Elmsford, NY 10523-0935
516655456      +E-mail/PDF: gecsedi@recoverycorp.com Sep 15 2017 23:03:22     Synchrony Bank,
                c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 13
```

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
```
lm*            +Bank of America,    450 American Street,    Simi Valley, CA 93065-6285
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-1           User: admin              Page 2 of 2               Date Rcvd: Sep 15, 2017
                               Form ID: pdf901          Total Noticed: 32
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 17, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2017 at the address(es) listed below:
          Denise E. Carlon    on behalf of Creditor   BANK OF AMERICA, N.A. dcarlon@kmllawgroup.com,
           bkgroup@kmllawgroup.com
          Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
           summarymail@standingtrustee.com
          Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
          Mitchell L Chambers, Jr.    on behalf of Joint Debtor Melissa A Potter ecfbc@comcast.net
          Mitchell L Chambers, Jr.    on behalf of Debtor Thomas M Potter ecfbc@comcast.net
          Pamela Elchert Thurmond    on behalf of Creditor   City of Philadelphia Pamela.Thurmond@phila.gov,
           James.Feighan@phila.gov
          U.S. Trustee.   USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```